JIMMIE MAXWELL V. THE STATE.

No. 16212.   Delivered March 28, 1934.

The opinion states the case.

*J. T. Ranspot,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

There are seven bills of exception, each of which has been examined, but none of which seem to present error, or to call for discussion.   Appellant excepted to the court's charge for its

failure to submit the case on circumstantial evidence. The State established by positive testimony that appellant transported two packages wrapped in a newspaper from Lovers Retreat to the city of Palo Pinto, on the occasion in question, and that he drove in a car to Mr. Hale's house; that he got out of the car with one of said packages,—a square jar wrapped in a newspaper, with about two inches of the jar exposed,—and carried it to Mr. Hale's room in said house, reach in the room and set the package down near the head of the bed. A witness who was on the porch, near whom appellant carried the package, saw appellant drive up, saw him carry the package in the house and put it in said room,—testified that as soon as appellant left he went at once to said room and got the package, which he saw appellant take out of the car and take to said room, unscrewed the lid from the jar, and said it was a half gallon jar plumb full of whisky. Witness saw and smelled it. This was positive testimony given before the jury. The fact that this witness on cross-examination made some answers favorable to the appellant,—such as that he could not say that the jar was not in there before appellant came,—in nowise operated to prevent the testimony given by him from being positive and could but have been for the jury in passing on the credibility of the witness. On re-direct examination the witness twice affirmed that the square jar containing the whisky which he saw in Hale's room was the same which appellant had when he passed witness on the porch. We think the trial court committed no error in declining to submit the case on circumstantial evidence.

The judgment will be affirmed.

*Affirmed.*